GEORGE B. FREEHILL
WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.⌂
THOMAS M. RUSSO
THOMAS M. CANEVARI†
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*⌂
MICHAEL E. UNGER*†
WILLIAM J. PALLAS*
GINA M. VENEZIA*⌂
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
LAWRENCE J. KAHN*
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ*◊
DANIEL J. FITZGERALD*†⌂
JILL A. TAFT
MICHAEL C. ELLIOTT*

* ALSO ADMITTED IN NEW JERSEY
† ALSO ADMITTED IN CONNECTICUT
⌂ ALSO ADMITTED IN WASHINGTON, D.C.
◊ ALSO ADMITTED IN LOUISIANA

LAW OFFICES OF
FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900
FACSIMILE (212) 425-1901
E-MAIL: reception@freehill.com
www.freehill.com

NEW JERSEY OFFICE
850 BERGEN AVENUE
JERSEY CITY, N.J. 07306
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE: (203) 921-1913
FACSIMILE (203) 358-8377

August 2, 2007

OUR REF: 434-03/WDM

By Facsimile: (718) 613-2477

Honorable Edward R. Korman, Chief Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   In re M/V ANDREW J. BARBERI
      03-cv-6049

Dear Judge Korman:

    We represent the City of New York and write in response to the letter of July 31, 2007, from counsel for marine salvage claimant Robert Seckers.

    First, we agree that the motion for summary judgment filed by the City on the salvage claims as well as those filed by Henry Marine and Mr. Seckers should be restored for decision by the Court. In this regard, the Court may recall that during the hearing on March 28, 2007, we were granted leave to file a further reply on the specific issues raised during the hearing within two weeks of the hearing. The Court later indicated that the filing of that further reply was to be held in abeyance pending the outcome of the mediation. The mediation was held and concluded on July 23. We therefore respectfully request that we be permitted to file the reply by Wednesday, August 8, 2007.

NYDOCS1/287844.1

Honorable Edward R. Korman, Chief Judge
August 2, 2007
Page 2

Second, in their letter, counsel for Mr. Seckers states that the City's opposition to both motions "included no admissible evidence on the issue of marine peril. It consists of an attorney affidavit only...". Counsel is mistaken. We submitted with our papers affidavits from the crew (Exhibits 10-13) and affidavits from marine surveyors who were on the scene (Exhibits 16-18), all of which confirm that the BARBERI was never in danger of being lost. These affidavits demonstrate that there is a genuine issue of material fact on marine peril (*i.e.* whether there was a reasonable apprehension that the vessel was in danger of being lost), an element which claimants must satisfy to be entitled to a salvage award. This issue of fact consequently prevents summary judgment from being granted in claimants' favor, even if summary judgment is denied in the City's favor on the contract issue.

Third, counsel for Mr. Seckers also requests that the Court refer the issue of quantum to a Special Master for determination if there is a decision on liability which is favorable to the claimants. We do not agree with counsel's request for several reasons. To begin, if summary judgment is granted in the City's favor on the contract issue, there will be no need to address quantum. If summary judgment in the City's favor is denied, we maintain, as discussed at the March 28th hearing, that claimant's motions are not ripe for summary determination because there has been no discovery conducted on whether there was a reasonable apprehension that the BARBERI would be lost. As such, if the City's motion is denied, we will desire to depose each of the claimants on this issue.

Furthermore, if it is later determined that claimants are entitled to a salvage award and the quantum issues need to be addressed, we see no reason to incur the additional costs and delays that would be involved in referring this matter to another fact-finder to evaluate. A Special Master is utilized in maritime cases when there are numerous claimants or the quantum issues are overly complex such that a trial on quantum would be time-consuming. In the instant case, there are only two claimants who (if entitled to a salvage award) would share in the same award, and thus, the quantum issues will be essentially the same for both. Additionally, the quantum issues are not overly complex and can be presented in a 1-2 day hearing to the Court who will already be familiar with the facts that are relevant in a quantum determination (*e.g.* the actual risks incurred, etc.). Accordingly, we submit that the circumstances do not warrant a referral to a Special Master and would request that the Court hold a hearing at which the Court can decide quantum issues, if liability is not decided in the City's favor.

Finally, on behalf of the City, we share Henry Marine's and Mr. Secker's view and also wish to express again our sincere gratitude to Mr. Cohen for his extensive preparation, diligence and insight with which he conducted the mediation last Friday.

Respectfully submitted,
FREEHILL HOGAN & MAHAR, LLP

Gina M. Venezia

GMV:lu

Honorable Edward R. Korman, Chief Judge
August 2, 2007
Page 3

cc:   Michael Marks Cohen, Esq.
      Nicoletti Hornig & Sweeney
      Wall Street Plaza
      88 Pine Street
      New York, New York 10005
      **Fax:   (212) 220-3784**


      James E. Ryan, Esq.
      Dougherty Ryan Giuffra Zambito & Hession
      131 East 38th Street
      New York, NY  10016
      **Fax:  (212) 889 1288**

      James Mercante, Esq.
      Rubin Fiorella & Friedman
      292 Madison Avenue, 11th floor
      New York, N.Y. 10017
      **Fax:  212 953 2462**