UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

IN RE CITY OF NEW YORK, AS　　　　　　**REPORT AND RECOMMENDATION**
OWNER AND OPERATOR OF THE
M/V ANDREW J. BARBERI.　　　　　　　　CV-03-6049 (ERK)(VVP)

---------------------------------------------------------x

Before the court is a motion for preliminary injunctive relief made by the law firms of Bosco, Bisignano & Mascolo and Dougherty, Ryan, Giuffra, Zambito & Hession (hereinafter the "movants"), who have served as liaison counsel and maritime counsel, respectively, in this action involving claims by the numerous victims of a disastrous ferry collision in New York Harbor. Their request for injunctive relief springs from a prior motion they have made seeking a court order directing the attorneys for the various claimants who have obtained compensation by settlement or court order to pay a portion of their fees to the movants to compensate them for their efforts, which they contend have bestowed a common benefit on all of the claimants. That motion has been referred to me by Judge Korman for a report and recommendation pursuant to title 28, United States Code, section 636(b)(1)(B). Pending a decision on that motion, the movants now seek a preliminary injunction requiring those attorneys to place funds equaling 13% of the recoveries obtained by their clients in escrow to insure that funds will be available to pay any fee award that is made.

Briefing on the motion proceeded in two stages. Initially, the movants filed a letter motion which, although not styled as a motion for a preliminary injunction, sought

essentially the relief they have now made the subject of a formal motion for preliminary injunction. Opposition was thereafter filed both to the motion to place funds in escrow and to the underlying motion for a determination of fees owed to the movants. The movants then formally made their motion for a preliminary injunction pursuant to Rule 65(b) of the Federal Rules of Civil Procedure by seeking an Order to Show Cause, which Judge Korman likewise referred to me for a report and recommendation. At the ensuing hearing on that request, I solicited further briefing on the issue of whether the motion should more properly be considered as a motion for an attachment under Rule 64 of the Federal Rules of Civil Procedure, since the damages awards from which funds were to be placed in escrow had already been disbursed and distributed to the claimants and their attorneys. Further papers were thereafter filed by the movants and by various attorneys who oppose both motions.

The movants have eschewed any reliance on Rule 64 as a basis for the relief they request, apparently because they recognize that the standards for an attachment under that Rule are not met. Rule 64 directs federal courts to look to state law for various provisional remedies including orders of attachment. Under New York law, attachments may be ordered in five enumerated circumstances, none of which have been demonstrated here. *See* N.Y. C.P.L.R. § 6201 (1) - (5). The only one that might conceivably apply is a provision which permits attachment upon a showing that a defendant in some way disposed of or secreted assets in an effort to frustrate the collection of a judgment that might be rendered in favor of the plaintiff. *Id*. § 6201(3).

There is no suggestion that any of the attorneys here who might be required to contribute fees to the movants has engaged in any conduct that even remotely meets that description. Accordingly, the grounds for an order of attachment do not exist.

The movants rely instead on Rule 65 and the court's inherent power as the basis for their motion. As for the court's inherent power, the movants point out that courts traditionally have required that portions of damages recoveries be placed in escrow to satisfy fee awards, and note that such escrows have been authorized by the court with respect to attorneys' fees resulting from the recoveries obtained by three of the claimants in this case. *See In re Estate of Carmen Rochel Huertas*, No. 08-CV-2889 (E.D.N.Y. June 29, 2009) (order of distribution); *In re Estate of Joseph Bagarozza*, No. 08-CV-2892 (E.D.N.Y. Feb. 23, 2009) (memorandum and opinion); *McMillan v. the City of New York,* No. 08-CV-2887, 2010 WL 1487738 (E.D.N.Y. Apr. 13, 2010). The escrows that the movants seek to establish now are quite different, however, from those that have already been ordered. The three escrows now in place were ordered before the disbursement of funds occurred, and were thus established with the actual proceeds paid by the City. By contrast, the movants now ask the court to order attorneys, who have received and disbursed the proceeds of settlements which were paid out as much as six years ago, to now establish escrows either by taking funds from the operating budgets of their firms, or by retrieving monies that have been distributed to them and their partners. It is one thing to order that funds be set aside before they have been disbursed; it is quite another to order a reconstruction of funds to replace those that have already been disbursed. The

movants have cited no case in which a court, acting solely on its inherent authority, has required attorneys to escrow monies long after the disbursement of the funds that supply the purported basis for the escrows.

Turning then to Rule 65, which supplies the primary basis for the motion, the prerequisites for a preliminary injunction under Rule 65 in the Second Circuit are long-standing and have been often repeated:

> For the last five decades, this circuit has required a party seeking a preliminary injunction to show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief."

*Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) (*quoting Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979); *accord, e.g., Almontaser v. N.Y. City Dep't of Educ.*, 519 F.3d 505, 508 (2d Cir. 2008); *Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319, 323 (2d Cir. 1969); *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 740 (2d Cir. 1953). The movants' application falters on all aspects of the above prerequisites.[1]

---

[1] The court in *Citigroup Global Markets* identified three situations where a showing of "sufficiently serious questions" was *not* enough to justify a preliminary injunction, one of which arguably exists here. Specifically, the Second Circuit has held that where the injunction is mandatory in that it alters the status quo by commanding some positive act, there must be a "clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (*quoting Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995)). The movants here are seeking relief commanding a positive act, the gathering of funds to be set aside in escrow. Nevertheless, the court will examine the application under both the "substantial likelihood of success" and the "sufficiently serious questions" alternatives for preliminary injunctive relief.

First, the movants have not established any irreparable harm.  The Second Circuit has defined irreparable harm as an "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Forest City Daly Hous., Inc. v. Town of N. Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999) (*quoting Rodriguez v. DeBuono*, 162 F.3d 56, 61 (2d Cir. 1998)).  The injury feared by the movants is the potential uncollectability of any award of fees the court may make.  They cite the possibility that over time the claimants' attorneys will be unable to fund a fee award because their assets may be dissipated, the attorneys may retire, or their firms will be dissolved.  Those possibilities are entirely speculative, however, because the movants have not demonstrated a single situation in which any of those eventualities has actually occurred, or is even imminent.  The only cases they have cited where courts have awarded injunctive relief to secure potential money judgments involved situations where bankruptcy was imminent, *see Tucker Anthony v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989), or where a defendant had actively sought to frustrate a judgment on the merits by secreting or disposing of assets, *see Pashaian v. Eccelston Properties, Ltd.*, 88 F.3d 77, 85 (2d Cir. 1996), and *In re Feit & Drexler, Inc.*, 760 F.2d 406, 416 (2d Cir. 1985).[2]  No such circumstances have been established here.

---

[2]Several of the opponents of the motion have argued that irreparable harm cannot be found in a case where money damages are the ultimate relief requested.  The argument misunderstands the nature of the injury that the preliminary injunctive relief sought here is intended to prevent.  To be sure, the ultimate relief the movants are seeking is an award of money; the injury they are seeking to prevent now, however, is the inability to actually collect any awards of money that are made because funds will no longer be available to pay them.  Obviously, if funds are not available to pay the fee awards, a further monetary award will not provide a remedy for that injury.

Nor have the movants established a substantial likelihood of success on the merits. The opposition to their motion for fees has raised substantial questions about whether the movants waived their right to obtain fees because of discussions that were held in connection with their appointment as liaison and maritime counsel. A factual hearing will have to be held to determine whether, and to what extent, any such waiver occurred. Moreover, there are substantial questions about whether a number of the claimants should be required to pay fees because they settled their claims before the movants expended any substantial efforts that benefitted them. There are substantial questions about the amount of fees the movants should obtain from others in light of the fact that they themselves represented numerous claimants, and have realized substantial fees for themselves as a result. There are substantial questions about whether and how much should be afforded as offsets against any fees required to be paid by other counsel who expended efforts that assisted the movants. The court therefore is unable to conclude that, with respect to many (and perhaps all) of the attorneys from whom they seek a contribution of fees, the movants will be successful in convincing the court to require such contributions.

There is no question that there are sufficiently serious questions going to the merits of the underlying motion for fees to make them a fair ground for litigation. The movants have not demonstrated, however, that the balance of hardships tips decidedly in their favor. The only hardship they may suffer is that they will not be able to collect fees from some of the attorneys who are directed to pay them. As discussed above, however,

this hardship is only a remote possibility based on the present record. On the other hand, requiring all of the other attorneys who represented successful claimants in this action to withdraw monies from operating budgets or retrieve them from partners or others to whom them have been disbursed in order to establish escrows equal to 13% of the settlement amounts they obtained for their clients – an amount, assuming customary 1/3 contingency fee arrangements, that constitutes almost 40% of the fees they received – will clearly have an immediate, adverse impact on all of the attorneys involved. The balance of hardships tips, not in favor of the movants, but decidedly in favor of the opposition.

For the foregoing reasons, I recommend that the motion for a preliminary injunction requiring the attorneys for all claimants to establish escrows equal to 13% of the recoveries obtained by their clients be denied.

Respectfully submitted,

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
August 20, 2010